Bergan, J.
Defendant Boceo Valinoti’s conviction for buying, receiving and withholding stolen property (former Penal Law, § 1308) rests on the need to corroborate testimony against him of Bichard Scuoteguazza who sold and delivered a stolen automobile to him. Scuoteguazza would, under the general rule, be an accomplice, whose testimony must be corroborated (Code Grim. Pro., § 399; People v. Sweeney, 213 N. Y. 37).
But former section 1308-a* of the Penal Law was explicit in saying that a person who has either ‘ ‘ sold ” or “ offered ’ ’ stolen goods is not an accomplice of the buyer, or receiver, or the withholder; and it is competent for the jury to consider the testimony of such a person, even if he is charged with receiving “ or with any other crime ”. This means that receivers or *557 buyers or sellers of stolen goods are not deemed accomplices of those who offer, sell, or deliver to them.
Since the record shows that Seuoteguazza told defendant Boceo Valinoti that he “ knew a person ” who could “ get stolen cars ” and later delivered a stolen car to that defendant, he comes precisely within the definition of former section 1308-a as one who has offered or delivered stolen property to another. Hence his testimony does not require corroboration and if believed is sufficient alone to sustain a conviction.
This was clearly held in People v. Sparks (24 A D 2d 538) where the court drew the distinction, as to need for corroboration, between a principal testifying in a larceny case and one testifying in a receiving case. The decision in People v. Paris (18 N Y 2d 817), where the People argued in support of the judgment that there was no need to corroborate the testimony of a principal on a trial for receiving, is to the same effect.
The only charges against defendant Boceo Valinoti were receiving and concealing and not larceny. Indeed the proof is that the automobile was stolen two months before the receiving arrangement was suggested and carried into execution.
Both defendants argue the insufficiency of proof before the Grand Jury that the 1964 Buick Biviera automobile stolen and received in 1965 was worth $100, as alleged in the indictment, and hence that the indictment was not well founded.
Defendants moved before trial to inspect the Grand Jury minutes or, in the alternative, to dismiss the indictment for insufficiency of proof. No factual basis for dismissal was then demonstrated and the denial of these alternative motions was not legal error.
After the verdicts of guilty, defendants moved to reargue that motion and renewed their motions to dismiss the indictment. Denial of reargument is not reviewable here. The motion to dismiss was not then timely (People v. Nitzberg, 289 N. Y. 523; People v. Van Allen, 275 App. Div. 181).
But if it be reached on the merits the motion to. dismiss was properly denied. There was sufficient evidence before the Grand Jury that the value of the car was over $100. Seuoteguazza there testified that defendant Boceo Valinoti paid $1,400 for it. There is proof of an admission by Anthony Valinoti that he paid $3,200 for it. The lessee, Speer, testified it was valued at $4,000 *558 and Rocco Valinoti, who testified before the Grand Jury under waiver of immunity, testified his father had purchased the car for $3,200.
This is sufficient to sustain an indictment based on a value of $100 (see People v. Carter, 19 N Y 2d 967; People v. Trimm, 29 A D 2d 83).
There is adequate proof that defendant Anthony Valinoti was a receiver of the stolen car. It was registered in his name and the police found him in possession of it. His statement to the police after arrest and his similar testimony on the trial that he had bought the car for $3,200 in cash on the street from a man he did not know could have been treated as incredible by the jury.
There was a determination in a Huntley hearing that the admissions to the police were voluntary and although no Miranda warnings were given they were not required for this June 8, 1966 trial (People v. McQueen, 18 N Y 2d 337). There was no exception taken to the failure of the court to submit the voluntary nature of the admissions to the jury.
The Judge’s commentary on the opening statement of defendants’ counsel did not curtail the statement and, made in a running discussion with counsel, was not prejudicial.
The judgments should be affirmed.
Chief Judge Fuld and Judges Scileppi, Breitel, Jasen and Gibson concur; Judge Burke taking no part.
Judgments affirmed.

 This provision is recast without apparent change in effect in Penal Law. § 165.65.