THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD BELL, Appellant.

First Department, October 3, 1974.

*Patrick M. Wall* for appellant.

*Maurice H. Nadjari, Deputy Attorney-General, Special State Prosecutor (Richard A. Nachman* and *Marshall L. Goldstein* of counsel), for respondent.

*Per Curiam.* This is an appeal from a judgment of the Supreme Court, New York County (MURTAGH, J., and a jury), convicting defendant Bell of attempted possession of a dangerous drug in the first degree, burglary in the first degree and attempted grand larceny in the second degree.

New York City Police Officers Richard Bell and Francis Reilly were jointly indicted and charged with possession of dangerous drugs in the first degree, burglary in the first degree, attempted grand larceny in the second degree, robbery and conspiracy (the conspiracy and robbery counts were not submitted to the jury). Reilly, after the joint trial, died in an automobile accident. The indictment alleges that the defendants entered Room 418 of the Allerton Hotel, located at 302 West 22nd Street, Borough of Manhattan, on April 5, 1973, at about 8:30 P.M., in order to steal more than four pounds of cocaine from the occupants, undercover police officers.

On this record, it is clear that the totality of the trial court's errors was prejudicial as a matter of law. The credibility of the prosecution's chief witness, Gilberto Reyes, was a crucial issue. In refusing to permit defense counsel to examine Reyes, or one Lt. Hawkes, about prior inconsistent statements of Reyes given to Lt. Hawkes, after Reyes' agreement to co-operate, the trial court committed explicit error. Once Reyes claimed that he did not know Hawkes, a sufficient foundation was laid for receipt of the prior inconsistent statements (see *United States* v. *Lipscomb,* 435 F. 2d 795, 802; Richardson, Evidence [10th ed.], § 502). Further, the assertion by the prosecutor in summation that the testimony at trial showed that defendant Bell was the " boss ", to which remark defense counsel objected, constituted error, because evidence to this effect was adduced at a *Wade-Simmons* hearing held during the trial and not at the trial proper. This error was compounded by the trial court's overruling of the objection with the declaration that the court remembered such testimony, notwithstanding its statement that " The jury will be guided by its own memory."

Read as a whole, the charge was prejudicial in that it appeared to emphasize the strength of the prosecution's case, in derogation of the requirement to give balanced instructions to the jury in

a criminal trial. We also note that at one point in his testimony, Reyes testified that after his arrest and agreement to co-operate, he expected to *receive* a 25-year sentence, whereas that was merely the maximum term provided by law for an indeterminate sentence for a class B felony (Penal Law, § 70.00, subd. 2). The recognizable effect and impact of the totality of errors upon the jury is such as *mandates* affording defendant-appellant a new trial.

Accordingly, the judgment rendered on November 8, 1973, in New York County, convicting defendant Bell, after trial, should be reversed on the law and a new trial ordered.

[The motion to reargue Appeal No. 821 (order entered July 9, 1974) is granted and the original *Per Curiam* and order of this court are recalled and vacated.]

MARKEWICH, J. (concurring). I concur in the result, but in any event I would additionally hold the totality of error requires a new trial in the interest of justice. I do not agree that the reversal should be based solely on the law. (See *People v. Bach,* 27 N Y 2d 800; *People v. Woodruff,* 27 N Y 2d 801; *People v. Williams,* 31 N Y 2d 151.)

MURPHY, J. (concurring). We concur in the result for all of the reasons set forth in the majority opinion, but would add one more.

During the court's charge on the defendant's presumption of innocence and the People's burden of proof, the jury was told: " If after carefully considering the evidence as the result of reason and judgment and because of the evidence in the case or lack of evidence, you *feel in your hearts and conscience* that these defendants did not do the things charged against them under the law as explained to you, or if you entertain a reasonable doubt as to their guilt, then there exists a reasonable doubt, and you should give the defendants the benefit of that doubt and acquit." (Emphasis added.)

We recently criticized the employment of the italicized phrase (see *People v. Harding,* 44 A D 2d 800). Such instruction not only serves to confuse the jurors rather than assist them " in understanding the difference between a reasonable doubt and one which is based on a whim, sympathy or some other vague reason " (*People v. Jones,* 27 N Y 2d 222, 227); it is also an improper dilution of the term " beyond a reasonable doubt " and, therefore, clearly prejudicial to a defendant.

McGIVERN, P. J., LUPIANO and MACKEN, JJ., concur in revised *Per Curiam* opinion. MURPHY, J., concurs in an opinion;

MARKEWICH, J., concurs in the opinion of MURPHY, J., and in a separate opinion concurs in the result only in the revised *Per Curiam* opinion.

Judgment, Supreme Court, New York County, rendered on November 8, 1973, unanimously reversed, on the law and a new trial directed.

Motion for reargument granted, and on reargument the original *Per Curiam* opinion and the order of this court entered on July 9, 1974 on Appeal No. 821 are recalled and vacated and a resettled order substituted therefor.