Raymond E. Aldrich, Jr., J.
The defendant David M. height was convicted on May 24, 1976 of the crime of attempted burglary in the third degree, a class E felony, and he was sentenced on June 10, 1976 to a sentence of 5 years’ probation. On January 15, 1977, while on probation, he committed another crime, was subsequently arraigned on March 10, 1977 under a superior court information and pleaded guilty on that date to the crime of attempted burglary in the third degree, a class E felony. However, previously thereto, on February 14, 1977 he had been arraigned for violation of his probationary sentence for not participating in the program of the Dutchess County Alcohol and Drug Abuse Clinic, for having been arrested for unauthorized use of a motor vehicle and his subsequent conviction therefor on June 24, 1976, and for his failure to obtain employment. On March 3, 1977 after a hearing conducted pursuant to CPL 410.70 his sentence of probation was revoked.
At the present time defendant is awaiting his resentence upon his first conviction of May 24, 1976 and his sentence upon his second conviction of March 10, 1977. The District Attorney has filed a second felony offender statement charging that the sentence on June 10, 1976 requires that he be sentenced for his conviction of March 10, 1977 pursuant to section 70.06 of the Penal Law which is challenged by the defendant who claims he has not at the present moment been sentenced upon his prior conviction of May 24, 1976 due to the revocation and, therefore, he is not now a second felony offender under the law.
The question raised involves an interpretation of and the applicability of section 70.06 of the Penal Law as it relates to the foregoing facts. Paragraph (b) of subdivision 1 thereof provides:
"For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply * * *
"(ii) Sentence upon such prior conviction must have been imposed before commission of the present felony”.
An analysis of section 60.01 (subd 2, par [b]) of the Penal Law discloses that a sentence of probation is a tentative one *235 and may be revoked; however, such sentence "shall be deemed to be a final judgment of conviction.” Subdivision 2 of section 65.00 of the Penal Law provides that the court may revoke a sentence of probation at any time prior to the termination of the sentence.
Section 70.06 (subd 1, par [b], cl [ii]) of the Penal Law only requires that a sentence for a felony must have been imposed before the commission of the second felony so as to mandate second felony offender treatment. In this case the defendant was in fact sentenced on May 24, 1976, and the validity of that conviction has not been questioned and therefore he still stands convicted of that crime. Since no appeal was taken, the sentence of probation imposed June 10, 1976 became a final judgment of conviction. While it is true that at the present time the defendant is not subject to any sentence for his conviction on May 24, 1976, it is equally axiomatic that at the time he committed the second offense he had been convicted and sentenced to probation. The sentence of June 10, 1976 predated the offense of January 15, 1977, and therefore is the controlling basis for a finding that defendant is a second felony offender and must be sentenced as such under the superior court information (People v Gillman, 49 AD2d 951). The fact that his probationary sentence was subsequently revoked does not alter the applicability of section 70.06 of the Penal Law for his first sentence resulted in a final judgment of conviction (Penal Law, § 60.01, subd 2, par [b]).
If this court were to hold otherwise, a defendant who had served his full sentence and thus theoretically paid his debt to society would be treated as a second felony offender upon the commission of the second crime, while an individual who had not completed his full sentence, but interrupted it through revocation due to his own fault, would not become a second felony offender. Such a result has no rational basis, and would be inconsistent with the obvious legislative policy that individuals convicted and sentenced once should be treated as second felony offenders thereafter irrespective of their completing their first sentence.
The provisions of CPL 410.70 provide that upon revocation of probation a defendant must be sentenced as specified in subdivision 2 of section 60.10. This section was renumbered by the Laws of 1973 to section 60.01 of the Penal Law, and the authority of the court to impose imprisonment after a revocation of probation was provided for in subdivision 3 of the *236 renumbered statute. Apparently the Legislature has overlooked this fact and CPL 410.70 (subd 5) should be amended by inserting subdivision 3 of section 60.01 of the Penal Law in the place of subdivision 2 of section 60.01.
This court holds that the probationary sentence of the defendant on June 10, 1976 is the basis for his present sentence under the superior court information as a second felony offender even though at the present time such prior sentence has been revoked.