OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s convictions vacated, and the case remitted to Supreme Court for further proceedings on the indictment.
For purposes of the disposition of the present appeal it suffices to address a single issue not considered by the Appellate Division or by our court on the prior appeals from defendant’s convictions at his first trial (45 AD2d 362, affd 38 NY2d 116). The original codefendant, Police Officer Reilly, was killed in an automobile accident after the first trial. The second trial therefore proceeded against defendant Bell alone. Over objection of defense counsel two conversations between Reilly and one Reyes, a drug dealer turned informer, were received in evidence on the theory that, although concededly *915 hearsay as to Bell, they came within the exception to the hearsay rule permitting introduction of statements of a coconspirator made during the course and in furtherance of the conspiracy. It is acknowledged that defendant and Reilly were coconspirators with respect to the break-in of room 418 of the Manhattan hotel; the critical question is whether the admitted statements were made by Reilly prior to the formation of their conspiracy and thus were inadmissible against Bell.
The trial court charged the jury that if it was satisfied by a preponderance of evidence that Reilly and Bell were engaged in a plan to commit an unlawful act, it could then consider the statements made by Reilly in his conversations with Reyes. While defense counsel took exception to this charge as to the standard of proof, no counterpart exception was taken by the People. Accordingly, although under the proper standard it is sufficient if the People establish a prima facie case of conspiracy only (People v Salko, 47 NY2d 230, 238), in this instance the People accepted the heavier burden of proof by a preponderance of the evidence.
While there was some proof which might be said to tend inferentially to establish the formation of a conspiracy prior to 5:00 p.m., we are satisfied that the proof was insufficient as a matter of law to establish the existence of a conspiracy by a preponderance of the evidence until after the second Reilly-Reyes conversation. Accordingly, it was error to have permitted the jury on the second trial to have considered the Reilly-Reyes conversations in the late afternoon and early evening of April 5 for any purpose. Inasmuch as defense counsel initially objected to the introduction of the conversations and later took explicit exception to that portion of the court’s charge which permitted the jury to use those conversations in any way, the issue was properly preserved for our review.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.