■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMENT BURFORD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered December 28, 1982, convicting him of criminal possession of a weapon in the second degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The jury's verdict, which found defendant guilty of unlawful imprisonment in the first degree and criminal possession of a weapon in the second degree but acquitted him of kidnapping in the first degree, was not repugnant in view of the elements of the crimes as charged (*People v Tucker,* 55 NY2d 1). In any event, the defendant's claim of a repugnant verdict was not preserved for appellate review as his counsel failed to raise an objection thereto at trial (CPL 470.05; *People v Satloff,* 56 NY2d 745; *People v Figueroa,* 96 AD2d 515).

We do not find error in the admission of expert testimony regarding the existence of gunpowder stains on the towel which the defendant used to cover the gun. Although the complainant was unable to state whether the towel was wrapped around the gun at the time it was fired by the defendant, there was evidence in the record upon which one could conclude that the towel was in close proximity to the gun at that time. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CAROZZA, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered December 16, 1983, convicting him of criminal possession of stolen property in the first degree, after a nonjury trial, and imposing sentence.

Judgment affirmed, and case remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5).

Contrary to defendant's contention, the People proved beyond a reasonable doubt that he knowingly possessed stolen property. (See *People v Valinoti,* 26 NY2d 553.) We also note that the sentence imposed here of five years' probation, and a concurrent term of imprisonment of 10 days was proper. (See *People v Suitte,* 90 AD2d 80.) Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.