■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BELL, Appellant.—Judgment of the Supreme Court, New York County (Myriam J. Altman, J.), rendered January 12, 1987, convicting the defendant, after a nonjury trial, of two counts of bribing a witness, 15 counts of failure to file New York State sales tax returns, four counts of failure to file New York City general corporation tax returns, two counts of serving liquor without a license, and one count of conspiracy to obstruct governmental administration, and sentencing him as a second felony offender to concurrent terms of imprisonment of from 2 to 4 years on the bribery counts and 1 year on the various misdemeanor counts, modified, on the law, to vacate the sentence and defendant's adjudication as a second felony offender and to remand the matter for resentencing.

The defendant was sentenced on November 8, 1973 on a jury verdict which convicted him for events in April of that year. His conviction was reversed and a new trial directed because of a prejudicial jury charge. *(People v Bell,* 38 NY2d 116.)

His conviction after a new trial was reversed because of evidence introduced as to conversations between a codefendant who had died after the first trial and a drug dealer. *(People v Bell,* 48 NY2d 913.) He finally pleaded guilty to the crime of burglary in the third degree and was sentenced on June 9, 1980 to time served (some 60 days) and 58 months' probation.

Penal Law § 70.06 (1) (b), the provision for sentence enhancement for a second felony offender, has the following exception:

"(iv) Except as provided in subparagraph (v) of this paragraph, sentence must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted;

"(v) In calculating the ten year period under subparagraph (iv), any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration".

The Appellate Division, Second Department, has stated, "A prior felon can properly be required to demonstrate that he can function in society in a law-abiding manner for a 10-year period in order to avoid being sentenced as a recidivist." *(People v Orr,* 57 AD2d 578.)

It is clear that the 10-year period runs from the date of the sentence rather than the commission of the crime. *(People v Woodman,* 94 Misc 2d 266, 273 [Sup Ct, Bronx County, Rosenberg, J.], *affd without opn* 73 AD2d 847.)

The question we have is whether the date of the first sentence or the date of the last sentence for the same crimes should be used.

It would seem that successfully objecting to improper procedures, which delayed his eventual sentencing, should not be used against the defendant in determining whether the enhancement provision should apply. Concur—Kupferman, J. P., Ross, Ellerin and Smith, JJ.

Sullivan, J., dissents in part in a memorandum as follows: For purposes of determining whether a prior conviction constitutes a predicate felony, subject to an exception not here applicable, "sentence must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted". (Penal Law § 70.06 [1] [b] [iv].) Having been found guilty of the felony of bribing a witness on or about November 21, 1985, which was less than 10 years since he had been sentenced on his prior felony conviction, defendant was properly sentenced as a second felony offender. Contrary to defendant's assertion, he was, insofar as is relevant to this case, sentenced on his previous conviction only once, on June 9, 1980, when, pursuant to a negotiated disposition of the then-pending charges, he was sentenced to time served (approximately 60 days) and 58 months of probation. An earlier conviction and sentence im-

posed in 1973 on those same charges had been reversed. *(People v Bell,* 45 AD2d 362, *affd* 38 NY2d 116.) A second conviction was also reversed. *(People v Bell,* 48 NY2d 913.) A "reversal" under the Criminal Procedure Law "means the vacating of such judgment" (CPL 470.10 [1]), which is "comprised of a conviction and the sentence imposed thereon" (CPL 1.20 [15]). Thus, any confusion as to the date of defendant's predicate felony conviction is utterly incomprehensible. The statute could not be clearer. Following its reversal, defendant's earlier conviction was no longer a conviction. Similarly, the sentence based on that conviction was no longer a sentence. Having successfully exercised his right to challenge the conviction, defendant cannot claim that for purposes of determining the date of his subsequent conviction, after remittitur of the underlying charges for a new trial *(see,* CPL 470.20 [1]; 470.55), the date of the earlier reversed conviction controls, irrespective of the grounds for that reversal.

Moreover, the majority misperceives the purpose of the second felony offender statute. It was not intended to punish an individual for his past conduct, but, rather, to enhance the sentences applicable to a predicate felon who fails to demonstrate that he can function in society in a law-abiding manner for a 10-year period. *(People v Orr,* 57 AD2d 578.) Hence, the time of eligibility for release from the statute's application is measured, not from the date of the commission of the crime, but from the date of the sentence. *(People v Woodman,* 94 Misc 2d 266, *affd* 73 AD2d 847.) By committing a felony within six years of being sentenced on a prior felony conviction, defendant fell squarely into the class of offenders for whom the statute was designed, and was properly adjudicated and sentenced as a second felony offender.

I would affirm the judgment in all respects.