OPINION OF THE COURT
Gloria Goldstein, J.
Defendant stands convicted of criminal possession of a *753 weapon in the second degree, and, on the basis of his prior felony convictions in 1974 and 1982, the prosecutor contends he is required to be sentenced as a persistent violent felony offender.
Defendant contests this status as a persistent violent felon, arguing that his 1974 conviction cannot be used to increase his punishment on the ground that it is more than 10 years old.
Defendant was first sentenced on the 1974 conviction on January 7, 1975, but his conviction was thereafter reversed and a new trial ordered due to the improper admission of evidence of uncharged crimes (People v Lewis, 52 AD2d 929). Defendant was convicted following a second trial, and was sentenced for a second time on October 19, 1976. At his sentencing, the trial court ordered that defendant’s sentence run "nunc pro tunc” to January 7, 1975, the date of his original sentencing following the first trial.
Even with the exclusion of the time defendant spent while incarcerated on his 1982 conviction (Penal Law § 70.04 [1] [b] [v]), the January 7, 1975 date is in excess of 10 years prior to the commission of the felony for which defendant presently stands convicted (Penal Law § 70.04 [1] [b] [iv]). The subsequent sentencing date of October 19, 1976, however, would place the conviction within the 10-year statutory period.
The novel issue presented is whether, in view of defendant’s "nunc pro tunc” sentencing, the court is required to consider the date of the first sentence, or the date of the last sentence, in determining whether defendant was subject to a predicate violent felony conviction within the statutory 10-year period.
A persistent violent felony offender is statutorily defined as a person who stands convicted of a predicate violent felony offense after having previously been subjected to two or more predicate violent felony convictions (Penal Law § 70.08 [1] [a]). In order to constitute a predicate violent felony conviction, sentence upon such prior conviction must have been imposed not more than 10 years before the commission of the felony of which the defendant presently stands convicted (Penal Law § 70.04 [1] [b] [iv]). In calculating the 10-year period, any amount of time during which defendant was incarcerated, between the time of commission of the previous felony and the time of commission of the present felony, is excluded (Penal Law § 70.04 [1] [b] [v]).
In the present case, defendant’s conviction was based upon a crime committed on July 18, 1988.
*754 If the court considers October 19, 1976 to be the sentencing date on defendant’s 1974 conviction then, excluding 2 years and 131 days which defendant spent incarcerated on his 1982 conviction, sentence was imposed on the 1974 predicate exactly 9 years and 142 days prior to the commission of the present offense.
If, on the other hand, the court utilizes January 7, 1975 as the operative sentencing date on defendant’s 1974 conviction, then the time between the prior sentence and the present crime’s commission, less time spent incarcerated, would compute at 11 years and 62 days. Defendant contends that his “nunc pro tunc” sentencing returned his actual sentencing date to January 7, 1975, and that it is this date which must be used to determine the proper age of his predicate conviction.
The court finds, however, that the date of October 19, 1976 —when sentence was imposed as part of the final judgment— is the controlling date, and that the trial court’s decree that the sentence run, “nunc pro tunc”, from a prior date, is irrelevant to the predicate felony sentencing statutes and, in fact, a legal nullity.
While many attorneys have embraced the Latin phrase "nunc pro tunc”, meaning literally "now for then”, and have consistently urged its use by Trial Judges at sentencing, there is neither statutory nor decisional law to support its use in this context. The purported running of a sentence from the original sentence date following the reversal of the original conviction simply cannot, for obvious reasons, be taken literally.
A “reversal” under the Criminal Procedure Law, “means the vacating of such judgment” (CPL 470.10 [1]), which is “comprised of a conviction and the sentence imposed thereon” (CPL 1.20 [15]). Following a reversal, a defendant’s earlier conviction is no longer a conviction. How, then, could a defendant’s sentence be declared to run from a time when he, in fact and in law, had no valid, existing or legally cognizable conviction (People v Bell, 73 NY2d 153, 165, citing dissenting opn 138 AD2d 298, 299-300)?
Clearly, notwithstanding the nunc pro tunc sentencing, it can only be a final sentence which determines whether the predicate conviction falls within the statutory 10-year period.
A nunc pro tunc pronouncement at sentencing is, in truth, nothing more than a gratuitous notation of credit for jail time served — a function of the Department of Correction and not of this court.
*755 The court further notes that the result in this case is wholly consistent with the legislative purpose and intendment of Penal Law §§ 70.02, 70.04, 70.06 and 70.08, statutes enacted in an effort to require a prior felon to demonstrate his ability to function "in society” and in a law-abiding manner for a 10-year period to avoid being sentenced as a recidivist (see, People v Love, 129 AD2d 258, affd 71 NY2d 711; People v Orr, 57 AD2d 578).
On the basis of the foregoing, this defendant is adjudicated a persistent violent felony offender.