■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMAD KHATIB, Appellant.—Appeals by the defendant (1) as limited by his brief, from a resentence of the Supreme Court, Kings County (Kramer, J.), imposed July 18, 1983, upon his conviction of attempted arson in the third degree and conspiracy in the fourth degree, under indictment No. 2642/82, upon a jury verdict, (2) from a judgment of the same court (Marrus, J.), rendered March 26, 1986, convicting him of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree (eight counts) under indictment No. 1847/85, upon a jury verdict, and imposing sentence, (3) an amended judgment of the same court, also rendered March 26, 1986, revoking the sentence of probation previously imposed by the court on July 18, 1983, under indictment No. 2642/82, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous convictions of attempted arson in the third degree and conspiracy in the fourth degree, and (4) by permission, from an order of the same court, dated March 17, 1989, which denied his motion to vacate the sentence imposed on March 26, 1986, under indictment No. 1847/85.

Ordered that the appeal from the resentence imposed on July 18, 1983, is dismissed as academic in light of the amended judgment rendered March 26, 1986, upon the defendant's violation of probation; and it is further,

Ordered that the judgment and the amended judgment, both rendered March 26, 1986, are affirmed; and it is further,

Ordered that the order dated March 17, 1989, is affirmed.

Contrary to the defendant's contention, we conclude that

the time periods set forth in indictment No. 1847/85 charging him with the commission of sex-related offenses against his 14-year-old daughter, coupled with the bill of particulars, were sufficient to clearly apprise the defendant of the conduct which was the subject of the accusations against him and to enable him to make his defense (see, CPL 200.50 [7] [a]; *People v Morris*, 61 NY2d 290, 294; *People v Jones*, 133 AD2d 972; *People v Willette*, 109 AD2d 112; *People v Benjamin R.*, 103 AD2d 663). The longest time period alleged spanned one month while offenses which were alleged to have occurred most recently covered a 10-day period. While the prosecutor was unable to supply the defendant with precise dates for each of the alleged incidents, the time periods set forth were reasonable under the circumstances and did not serve to violate the defendant's Federal and State constitutional rights to be informed of the nature and cause of the accusations against him (see, *People v Morris, supra; People v Jones, supra; cf., People v Keindl*, 68 NY2d 410, 419; *People v Romero*, 147 AD2d 358, 361).

The defendant also contends that the resentence imposed on July 18, 1983, following his arson conviction, was illegal because it provided for a 60-day period of imprisonment and a five-year period of probation to run consecutively rather than concurrently (see, Penal Law § 60.01 [2] [d]; *People v Carozza*, 105 AD2d 752). Thus, concludes the defendant, not only must that resentence be vacated, but the enhanced sentence imposed following his March 1986 conviction for rape, and other crimes, which was used as a predicate for the July 1983 felony conviction, must be vacated as well, because a valid sentence had not been imposed prior to the commission of the second felony (see, Penal Law § 70.06 [1] [b] [ii]). These contentions are devoid of merit.

A review of the resentencing minutes of July 18, 1983, reveals that it was the resentencing court's intention to impose a true "split sentence", that is, to provide that the terms of imprisonment and probation imposed run concurrently (see, Penal Law § 60.01 [2]; *People v Carozza, supra*). This intention was clearly understood by the parties. In any event, this issue has been rendered academic, as the defendant was resentenced on this conviction after having been found guilty of violating his probation.

Finally, the defendant did not challenge his predicate felony status at his March 1986 sentencing and, thus, has waived his current contention that the prior felony cannot be used as a predicate (see, CPL 400.21 [3]). In any event, the defendant's

contention is without merit (see, *People v Leight,* 90 Misc 2d 233). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.