■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KRETCHMER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree burglary and petit larceny, defendant primarily contends that the court erred in failing to charge the jury that the main prosecution witness, Rick Stephens, was an accomplice as a matter of law, and that there was insufficient corroboration of Stephens' testimony. We agree with defendant's contention that Stephens' testimony is uncorroborated. Thus, the only issue is whether the evidence compels a finding that Stephens was an accomplice or whether the jury rationally found that he was not.

According to CPL 60.22 (2),

"[a]n 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in:

"(a) The offense charged; or

"(b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged".

A defendant is entitled to a charge that the witness is an accomplice as a matter of law only if, on the evidence presented, the jury could reasonably reach no other conclusion than that the witness participated in the charged offense or a related offense *(People v Cobos,* 57 NY2d 798, 801). In other words, only if the evidence of complicity is undisputed is the witness an accomplice as a matter of law *(People v Cobos, supra).* On the other hand, where differing inferences may reasonably be drawn from the evidence, the issue of complicity is for the jury's resolution and an accomplice-in-fact instruction must be given *(People v Sweet,* 78 NY2d 263, 266; *People v Jones,* 73 NY2d 902, 903, *rearg denied* 74 NY2d 651; *People v Vataj,* 69 NY2d 985, 987).

In this case, the inference that Stephens was an accomplice in the burglary is not compelled by the proof. Stephens denied taking part in the planning and execution of the burglary, and thus there is a view of the evidence supporting the jury's apparent conclusion that he was not an accomplice to that crime. The question arises whether the jury was bound to find that Stephens was an accomplice based on his alleged participation in related offenses, such as trespass *(see,* Penal Law § 140.05) or hindering prosecution *(see,* Penal Law § 205.50 [3], [4], [6]; § 205.55). The evidence does not compel the inference

that Stephens was guilty of trespass, because the jury rationally could have found that he did not *knowingly* enter or remain *unlawfully* upon the premises *(see,* Penal Law § 140.05). Similarly, the evidence does not compel a finding that Stephens acted with the requisite criminal intent to commit the offense of hindering prosecution *(see,* Penal Law § 205.50). In any event, the crime of hindering prosecution is merely New York's equivalent of the crime of accessory after the fact *(see,* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 205.50, at 509). It is well established that an accessory after the fact is not an accomplice for the purpose of the corroboration requirement of CPL 60.22 *(see, People v Brazeau,* 162 AD2d 979, 980; *People v Torres,* 160 AD2d 746; *People v Aleschus,* 81 AD2d 696, 697, *affd* 55 NY2d 775).

The court acted properly in submitting the accomplice question to the jury, which rationally could have found that Stephens was not an accomplice as a matter of fact. Accordingly, lack of corroboration of Stephens' testimony is not fatal to defendant's conviction.

We have considered defendant's remaining contention and conclude that it does not require reversal. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Burglary, 2nd Degree.) Present—Denman, P. J., Green, Pine, Lawton and Doerr, JJ.