■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HAMILTON, Appellant. [613 NYS2d 677] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered October 18, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sen-

tence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant failed to raise any objection during the suppression hearing regarding the seizure of pre-recorded money. Accordingly, his contention that the arresting officer did not have probable cause to arrest the defendant—and therefore, that the hearing court erred in permitting this evidence to be admitted—was not preserved for appellate review (see, CPL 470.05 [2]; see also, People v Stahl, 53 NY2d 1048, 1050; People v Cornelius, 107 AD2d 757). In any event, the contention is without merit, since the record clearly indicates that the arresting officer, who testified at the pre-trial hearing, not only received a sufficiently specific description of the defendant before the arrest, but also saw the defendant both before and after the buy (see, People v Dodt, 61 NY2d 408; see also, People v Landry, 187 AD2d 732; People v Ward, 182 AD2d 573).

The defendant also argues that the trial court erred in sentencing him as a second felony offender. The defendant waived this claim, in that he did not contest or controvert his status as a second felony offender when he had the opportunity to do so, after having been arraigned upon the second felony offender statement (see, People v Khatib, 166 AD2d 668, 669; see also, People v Smith, 73 NY2d 961). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.