■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD JULIANO, Respondent. [615 NYS2d 460] —Appeal by the People from two sentences of the Supreme Court, Kings County (Kreindler, J.), both imposed February 26, 1993, upon his conviction (1) under S.C.I. No. 464/91, of promoting gambling in the first degree, and (2) under Indictment No. 4978/91, of attempted criminal usury in the first degree and promoting gambling in the first degree, upon his pleas of guilty, the sentences being a term of five years probation on each charge, one $150 mandatory surcharge imposed on Indictment No. 4978/91, and $2 crime victim's assistance fee.

Ordered that the sentences are reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In 1979 the defendant was convicted of a felony and sentenced, on March 15, 1979, as a second felony offender. After an unsuccessful appeal to this Court, the defendant moved to vacate his plea and sentence on the ground that he was improperly adjudicated a second felony offender. Upon a finding that a Federal felony conviction employed by the People as a predicate was not equivalent to a State felony, the Supreme Court vacated the sentence previously imposed, but

not the plea of guilty, and the defendant was resentenced on December 15, 1980.

The offenses of which the defendant now stands convicted were each committed in 1990, the latest having been committed in October thereof. Prior to pleading guilty the defendant moved for a determination that his prior felony conviction could not be used as a predicate for the purpose of adjudicating him a second felony offender, because sentence was imposed thereon in March 1979, more than 10 years prior to the commission of the instant offenses (see, Penal Law § 70.06 [1] [b] [iv]). The Supreme Court agreed, rejecting the People's contention that sentence on the prior conviction was actually imposed on December 15, 1980, the date of resentence. The People appeal from the sentences imposed on Indictment Nos. 464/91 and 4978/91 on the basis that the sentencing court erred in refusing to adjudicate the defendant a second felony offender. We agree.

Pursuant to Penal Law § 70.06 (1) (b) (iv), in order for a prior conviction to be used as a predicate felony conviction for the purpose of a second felony adjudication, "sentence must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted." Here, while the defendant's prior felony conviction was not altered after March 15, 1979, the sentence imposed thereon, which is a component of the judgment of conviction (see, CPL 1.20 [15]), was vacated subsequent to that date. The "sentence", as that word is used in section 70.06 (1) (b) (iv) is the sentence imposed as part of the final judgment on December 15, 1980 (see, People v Bell, 138 AD2d 298, 300 [Sullivan, J., dissenting], mod on dissenting opn 73 NY2d 153, 165; see also, People v Lewis, 143 Misc 2d 752, mod on other grounds 175 AD2d 885). Therefore, the defendant should have been adjudicated a second felony offender. Accordingly, sentences are vacated, and the matter is remitted to the Supreme Court, Kings County, so that the defendant may be resentenced in accordance with the terms of the plea agreement. Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.