■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MURRAY, Appellant. [622 NYS2d 784] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered October 8, 1992, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to the police.

Ordered that the judgment is affirmed.

During the early morning hours of January 13, 1990, the defendant and two companions fired several shots through the glass entryway of a Queens social club, killing the door attendant. Ten months later, while the defendant was in custody for an unrelated offense, a detective investigating the January 1990 shooting advised him of his *Miranda* rights, and the defendant indicated that he understood his rights and was willing to answer questions concerning the incident. The defendant then admitted that he was present at the scene of the shooting, but denied that he had fired any shots into the social club.

On appeal, the defendant contends that the hearing court erred in denying suppression of his statement because the police lacked probable cause to arrest him for his role in the shooting. However, since the defendant failed to raise this claim in support of suppression at the *Huntley* hearing, it is unpreserved for appellate review *(see, People v Vasquez,* 66 NY2d 968; *People v Hamilton,* 205 AD2d 706). In any event, the defendant's contention is without merit since the hearing record demonstrates that an eyewitness to the homicide had previously identified the defendant from a photographic array and by name as one of the individuals who had fired shots into the social club. Moreover, the hearing court properly concluded that the defendant's statement, which was made after a knowing and voluntary waiver of his *Miranda* rights, was admissible *(see, People v Rooney,* 210 AD2d 440).

We find that the court did not improvidently exercise its discretion in permitting the prosecution to inquire into the facts underlying a robbery which resulted in the defendant's adjudication as a youthful offender. "It is well settled that the prosecution may inquire as to the underlying facts of a youthful offender adjudication to impeach the defendant's credibility, so long as the ultimate disposition is not elicited" *(People v Javois,* 188 AD2d 664; *see also, People v Gray,* 84 NY2d 709; *People v Greer,* 42 NY2d 170, 176).

Viewing the representation afforded to the defendant in light of the evidence, the law, and the circumstances presented in this case, we find that the defendant received meaningful assistance from his trial counsel *(see, People v Baldi,* 54 NY2d 137, 147).

The defendant's remaining contentions are unpreserved for appellate review. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.