■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA SHRIAY, Appellant. [658 NYS2d 152] —Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered May 6, 1996, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant pleaded guilty to the crime of criminal possession of a controlled substance in the fifth degree. Based upon defendant's admission at the plea colloquy and the information contained in the presentence report that she had a prior felony conviction, defendant was sentenced as a second felony offender to a prison term of 3 to 6 years, executed as a sentence of parole supervision. Defendant contends that her sentence is illegal in that she was erroneously sentenced as a second felony offender because at the time the instant sentence was imposed she was awaiting resentencing for the prior felony conviction due to her parole having been revoked. Although defendant waived her right to appeal as part of her plea agreement, she is not precluded from challenging the legality of her sentence (*see, People v Laureano*, 87 NY2d 640, 643). We find that defendant did, however, waive this claim because she failed to challenge the use of her prior felony conviction to establish her status as a second felony offender (*see, People v Hamilton*, 205 AD2d 706, 707, *lv denied* 84 NY2d 868). In any event, defendant's contention is without merit inasmuch as she had been convicted and sentenced to a term of probation for the prior felony prior to the occurrence of the instant offense (*see, People v Leight*, 90 Misc 2d 233, 235).

Mercure, J. P., White, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.