OPINION OF THE COURT
Michael J. Obus, J.
*106 On June 5, 1997, the defendant, Geraldine Jackson, entered a plea of guilty to the felony of criminal sale of a controlled substance in the fifth degree, Penal Law § 220.31, admitting that on April 24, 1997, she sold cocaine to an undercover police officer. At that time, the court (Adlerberg, J.) promised the defendant alternative sentences, depending upon whether her prior felony conviction constituted a "predicate felony” within the meaning of Penal Law § 70.06 (1) (b) (iv), which requires that the prior "sentence must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted”.
The matter was referred to this part for a hearing on July 28, 1997, but, upon further inquiry, it was established that there are no factual issues in dispute.[1]
The parties agree that on March 26, 1986, in Richmond County, the defendant was convicted after a trial of the felony of assault in the second degree, Penal Law § 120.05 (2). She was initially sentenced, pursuant to Penal Law § 85.00, to a term of intermittent imprisonment of one year. After that sentence was modified by an extension of its term, it was ultimately revoked due to the defendant’s failure to appear for imprisonment on the designated dates. She was then resentenced on April 29, 1987, to an indeterminate sentence of imprisonment of from one to three years.
The People contend that the operative date of sentence on the assault conviction for purposes of establishing the defendant’s status as a second felony offender is the April 29, 1987 resentence date, which is within 10 years of the commission of the instant drug sale. The defendant, on the other hand, argues that the controlling date should be May 1, 1986, when her initial revocable sentence was imposed, a date more than 10 years before the present crime.
People v Bell (138 AD2d 298 [1st Dept 1988], mod on dissent below 73 NY2d 153 [1989]), relied on by both parties here, is apparently the only case in which the Court of Appeals has had occasion to interpret the relevant language of Penal Law § 70.06 (1) (b) (iv) in the context of a resentence. There, the defendant had twice secured the reversal of his conviction and sentence on a predicate felony. After an eventual guilty plea, however, he was again sentenced, this time within 10 years of the commission of his second felony. Although the Appellate Division majority ruled that the delay in sentencing resulting *107 from Bell’s successful objection to improper procedures "should not be used against [him] in determining whether the enhancement provision should apply” (People v Bell, 138 AD2d, at 299), the Court of Appeals reversed, concluding that the defendant was in fact a second felony offender "for the reasons stated in” the dissent below. (People v Bell, 73 NY2d, at 165.) In that dissent, Justice Sullivan explained that, as a judgment is comprised of a conviction and the sentence imposed thereon (CPL 1.20 [15]), the reversal of Bell’s earlier judgment of conviction meant that "the sentence based on that conviction was no longer a sentence.” (People v Bell, 138 AD2d, at 300.) Justice Sullivan further noted that because the purpose of Penal Law § 70.06 is not "to punish an individual for his past conduct, but, rather, to enhance the sentences applicable to a predicate felon who fails to demonstrate that he can function in society in a law-abiding manner for a 10-year period” it is appropriate to measure the time of eligibility for release from the statute’s application "not from the date of the commission of the crime, but from the date of the sentence.” (Supra.) Specifically accepting this reasoning, the Court of Appeals held that for purposes of Penal Law § 70.06 (1) (b) (iv), the "sentence” on the predicate felony is the sentence that was "imposed as a part of the final judgment”. (People v Bell, 73 NY2d, at 165.)
The same result was reached in People v Juliano (207 AD2d 414 [2d Dept], lv denied 84 NY2d 937 [1994]), where, after the defendant’s predicate felony conviction was affirmed on appeal, he successfully moved to vacate that sentence and was then resentenced within 10 years of the commission of his second felony. In upholding Juliano’s enhanced sentence under Penal Law § 70.06, the Court noted that while the defendant’s prior felony conviction was not altered, the initial sentence was vacated and the resentence was imposed as part of the "final judgment”. (People v Juliano, 207 AD2d, at 415, citing People v Bell, supra, 73 NY2d, at 165.)
Seizing upon the "final judgment” language in Bell (supra), the defendant argues that, where the initial sentence is a legal, but revocable one and is therefore part of a "final judgment”, "the operative date for later second felony purposes is the date of the original sentence”, even if the initial sentence is ultimately revoked and a new sentence imposed. (Defendant’s letter mem, dated July 28, 1997.) But Penal Law § 70.06 (1) (b) (iv) makes no reference to a "final judgment”, and the Bell Court, in describing the predicate sentence as part of such a judgment, was merely identifying the only lawful sentence *108 resulting from the earlier prosecution. Nothing in the Bell opinion, or in any other decision, suggests that, where an initial sentence is revoked because the defendant has violated one or more of its conditions, the resulting resentence — also part of a final judgment — does not amount to the imposition of a "sentence” within the meaning of the second felony offender statute.
To be sure, while a revocable sentence is deemed to be part of a "final judgment” of conviction, it is a tentative sentence "to the extent that it may be altered or revoked”. (Penal Law § 60.01 [2] [b].) Accordingly, where a lawful revocable sentence was in effect at the time the defendant committed a second felony, courts have repeatedly held that such a sentence may be employed as a predicate sentence, even where it is ultimately revoked as a result of the defendant’s violation of its terms. (See, People v Khatib, 166 AD2d 668 [2d Dept 1990]; People v Shriay, 240 AD2d 783 [3d Dept 1997]; People v Leight, 90 Misc 2d 233 [Dutchess County Ct 1977].) Indeed, as the court stated in Leight (90 Misc 2d, at 235), it would not be "rational” to hold that a defendant who has served his full probationary sentence may be treated as a second felony offender, while one whose sentence has been revoked may not.
In the case at bar, however, by the time defendant Jackson committed her recent drug felony, her prior revocable sentence had already been revoked and she had long since been lawfully resentenced to a term of imprisonment. The procedural posture of this matter is thus comparable to that in People v Knapp (113 AD2d 154 [3d Dept 1985], cert denied 479 US 844 [1986]) where the defendant was sentenced as a persistent felony offender, in part on the basis of a prior felony conviction for which he had been resentenced after violating the terms of his initial revocable sentence of probation. In Knapp, the issue was whether this resentence met the requirement of Penal Law § 70.10 (1) (b) (i) that the sentence for the predicate felony be "to a term of imprisonment in excess of one year”. Ruling that "[o]nce a sentence of probation is revoked, the new sentence takes its place”, the Knapp Court concluded that "the new sentence can properly form the basis for a predicate felony conviction”. (People v Knapp, 113 AD2d, at 167.)
The same rationale should apply here. Defendant Jackson’s intermittent sentence had been revoked and a new indeterminate sentence had been imposed to take its place less than 10 years before her commission of a second felony, thus meeting *109 the literal requirements of Penal Law § 70.06 (1) (b) (iv). Moreover, as the defendant did not show that she could function in a law-abiding manner during that 10-year period,[2] the purpose of the enhancement statute is served by its application to her. Finally, it is, if anything, even more appropriate and equitable to apply the enhancement provisions of Penal Law § 70.06 to a person such as the defendant, whose initial sentence was revoked due to her own misconduct, than to one, such as the defendant in Bell (supra) whose sentence on the predicate felony was delayed through no "fault” of his own.
Accordingly, for all of the above-stated reasons, the defendant, Geraldine Jackson, is hereby adjudicated a second felony offender.

. Defendant raises no constitutional challenge to her prior conviction.

. Though not dispositive here, it should be noted that the defendant’s incarceration on her prior sentence of from one to three years would extend the 10-year period pursuant to Penal Law § 70.06 (1) (b) (v).