■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK RICHARDS, Appellant. [666 NYS2d 144] —Judgment,

Supreme Court, New York County (Marcy Kahn, J.), rendered May 31, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The court followed proper procedures (*see, People v Payne*, 88 NY2d 172) and properly seated a venireperson whom defense counsel had sought to challenge peremptorily. The court's implicit finding that defendant's proffered race-neutral explanations were pretextual is supported by the record. Having given both parties ample opportunity to propound their positions, the trial court was entitled to rule promptly, as it did, on the question of pretext (*People v Santana*, 235 AD2d 265, *lv denied* 89 NY2d 1015).

The court properly closed the courtroom during the trial testimony of the undercover officer, since that officer testified at the *Hinton* hearing that he would still be working in an undercover capacity in the area where defendant was arrested, that he was participating in on-going investigations in that area and that he feared for his safety in the event that his identity were to be revealed while testifying in an open courtroom (*People v Harrison*, 243 AD2d 315). Since defense counsel never suggested any reasonable alternatives to closure, despite the court's implicit solicitation of suggestions from counsel, the court itself was not required to advance any alternatives (*supra*).

The court properly admitted cash that was recovered from defendant's person, since it was probative of the material issue of whether defendant had intent to sell the vials of cocaine that were recovered from his accomplice (*see, People v Jackson*, 203 AD2d 213, *lv denied* 83 NY2d 968), as well as brief testimony concerning the various roles in a typical street-level drug operation, since that background was relevant to the central issue of defendant's participation (*People v Reed*, 215 AD2d 209, *lv denied* 86 NY2d 801).

Since defendant never moved pursuant to CPL 440.10 to vacate the judgment of conviction on the grounds of ineffective assistance of counsel, there has been no opportunity for trial counsel to explain his trial tactics (*see, People v Love*, 57 NY2d 998). In any event, based on the existing record, trial counsel provided meaningful representation (*see, People v Baldi*, 54 NY2d 137). Concur—Ellerin, J. P., Wallach, Williams, Andrias and Colabella, JJ.