■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNA ORTEGA, Appellant. [666 NYS2d 634] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered November 22, 1994, convicting defendant, after a jury trial, of manslaughter in the first degree, three counts of reckless endangerment in the first degree, and criminal possession of a weapon in the fourth degree, and sentencing her, as a second felony offender, to terms of 12½ to 25 years, three terms of 3½ to 7 years and a definite term of 1 year, respectively, with the sentence on the manslaughter conviction and the sentences on two of the reckless endangerment convictions to run concurrently and the sentence on the other reckless endangerment conviction, and the sentence on the weapon possession conviction to run consecutively to one another and to the other sentences, unanimously modified, on the law, to the extent of vacating the predicate felony determination and sentence and substituting therefor a term of 8⅓ to 25 years and terms of 2⅓ to 7 years, and to provide that the 1 year weapon possession conviction shall run concurrently with the other sentences, and otherwise affirmed.

Defendant's challenge to a prospective juror for cause was properly disallowed. Although the venireperson in question expressed some hesitancy in his ability to be impartial due to his familiarity with the area where the crime occurred, during subsequent questioning the prospective juror became unequivocal that he could and would deliberate impartially. In determining whether there was a substantial risk of bias (*see, People v Williams*, 63 NY2d 882, 885), the trial court is in the best position to observe the demeanor and responses of the venireperson (*People v Guzman*, 76 NY2d 1, 5), and, based upon the totality of the venireperson's answers, we find no reason to disturb the court's determination.

The definite sentence imposed on defendant's conviction for criminal possession of a weapon in the fourth degree should not have been imposed consecutively, because service of an indeterminate sentence shall satisfy any definite sentence imposed for an offense committed prior to the time the indeterminate sentence was imposed (Penal Law § 70.35; *People v Leabo*, 84 NY2d 952, 953). The sentencing court did not err in ruling that one count of first-degree reckless endangerment was to run consecutively with defendant's first-degree manslaughter conviction and her other two reckless endangerment sentences where the People established that the acts committed by defendant were separate and distinct, constituting separate crimes (*People v Brathwaite*, 63 NY2d 839; *People v Laureano*, 87 NY2d 640, 643-644), notwithstanding that the acts were part of one transaction (*see, People v Brown*, 80 NY2d 361, 364). Defendant was improperly sentenced as a second felony offender (*see,* Penal Law § 70.06 [1] [b] [ii]), because the alleged predicate felony conviction occurred after defendant's commission of the instant felonies. There being no need to remand for resentencing (*People v Lawrence*, 130 AD2d 383), we modify the sentence accordingly. Concur—Murphy, P. J., Sullivan, Rubin and Andrias, JJ.