■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL WHITE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIN NELSON, Appellant. [673 NYS2d 65] —Judgments, Supreme Court, New York County (Jerome Hornblass, J.), rendered April 27, 1995 and May 18, 1995, convicting defendant Nelson, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, and convicting defendant White, after the same jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Contrary to defendants' arguments, we find nothing in the court's main or supplemental charges on the definition of "sale" of drugs and accessorial liability that could be read as constructively amending the indictment or misleading the jury with respect to the nature of the accusations against defendants. There is no reasonable possibility that the jury misunderstood these instructions as authorizing a conviction based on the transfer of drugs between defendants as opposed to the transfer to the undercover officer.

Since each defendant expressly waived any objection to the court's failure to follow the procedures set forth in *People v O'Rama* (78 NY2d 270) with regard to an oral jury inquiry, defendants did not satisfy the preservation requirements of *People v DeRosario* (81 NY2d 801, 802-803), and we decline to review this claim in the interest of justice. Were we to review this claim, we would find no prejudice because the response to the oral inquiry consisted of a rereading of instructions upon which defendants had already been heard.

Since defendants did not object to the departure of sworn jurors during further jury selection (*see*, CPL 270.15 [3]), their claim is unpreserved for review (*People v Love*, 204 AD2d 97, 99, *affd* 84 NY2d 917), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendants have not shown any prejudice warranting reversal (*People v Cassado*, 156 AD2d 183, *lv denied* 75 NY2d 917; *see also*, CPL 470.05 [1]).

The court properly denied defendant White's challenge for cause to a prospective juror, since the totality of her responses demonstrated that she could render an impartial verdict based on the evidence (*see*, CPL 270.20 [1] [b]; *People v Williams*, 63 NY2d 882, 885; *People v Ortega*, 245 AD2d 213).

The court properly granted closure of the courtroom during the testimony of the undercover officer in light of the evidence that the undercover officer had made numerous buys, and was returning to make additional buys, including especially dangerous buys inside apartments, in the same area where the transaction at issue occurred, that he had pending cases and investigations in the same precinct, that he made efforts to disguise himself, that he had been verbally threatened while working undercover, and that he had witnessed two physical assaults on other undercover officers when their undercover identity became known (*see*, *People v Ramos*, 90 NY2d 490, 497-503, *cert denied sub nom. Ayala v New York,* 522 US 1002; *People v Martinez*, 82 NY2d 436; *People v Richards*, 245 AD2d 106). Since defendants never suggested other rea-

sonable alternatives to the limited closure, the court was not required, *sua sponte*, to consider any alternatives to closure (*see, People v Ramos, supra*).

The record fails to support defendants' claim that the court unlawfully delegated judicial responsibility.

We have considered defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin, Tom and Andrias, JJ.