■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ROBLES, Appellant. [673 NYS2d 654] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered July 17, 1995, convicting defendant, after a jury trial, of robbery in the first degree, assault in the second degree, resisting arrest and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent prison terms of 12½ to 25 years, 3½ to 7 years, 1 year and 1 year, respectively, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating the conviction for criminal possession of a weapon in the fourth degree and dismissing that count of the indictment, vacating the predicate felony finding, and vacating the sentence on the conviction for assault in the second degree and replacing it with a term of 2⅓ to 7 years, and otherwise affirmed.

We find that the challenged remarks in summation, taken in context, were proper comment on the evidence and were responsive to defendant's summation.

The conviction for criminal possession of a weapon in the fourth degree must be vacated, and that count of the indictment dismissed, since there was no evidence of the operability

of any of the weapons involved in the incident, none of which were recovered. Although this issue was not preserved for appellate review, we reach it in the interest of justice (*see, People v McInnis*, 179 AD2d 781, 783, *lv denied* 79 NY2d 1004).

Defendant's adjudication as a second felony offender must be vacated. The predicate for this adjudication was a 1991 conviction for which, the parties agree, an illegal sentence was imposed; a lawful sentence was not imposed until after the instant crimes were committed. Thus, the 1991 matter may not serve as a predicate felony conviction in the instant case (Penal Law § 70.06 [1] [b] [ii]; *People v Bell*, 138 AD2d 298, 300 [Sullivan, J., dissenting in part], *mod on dissenting opn* 73 NY2d 153, 165; *People v Juliano*, 207 AD2d 414, *lv denied* 84 NY2d 937). Since a defendant may raise this particular type of challenge to a second offender finding for the first time on appeal (*see, People v Mendoza*, 207 AD2d 715), we modify on the law. There is no need to remand for resentencing, since it is clear that the trial court intended (*see, People v Ortega*, 245 AD2d 213; *People v Lawrence*, 130 AD2d 383) to sentence defendant to the maximum possible term. For the first-degree robbery conviction even without the second felony offender finding, the 12½ to 25 year term was a lawful sentence for a class B armed felony offense (*see,* CPL 1.20 [41] [b]) under Penal Law § 70.02 (former [4]), applicable at the time of the crime. Accordingly, the sentence on the first-degree robbery conviction has not been vacated. The sentence for the assault conviction is reduced to a term of 2⅓ to 7 years.

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Rosenberger, Rubin and Williams, JJ.