■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL B. PERSON, Appellant. [768 NYS2d 894]—

Appeal from a judgment of Niagara County Court (Sperrazza, J.), entered April 27, 2001, convicting defendant after a jury trial of, inter alia, criminal possession of a forged instrument in the second degree (11 counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of 11 counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and one count each of scheme to defraud in the second degree (§ 190.60 [1]) and conspiracy in the fifth degree (§ 105.05 [1]). Defendant contends that evidence seized, after he was taken into custody, from the vehicle defendant had been driving should have been suppressed as the fruit of an unlawful search. Specifically, defendant contends that the search of the vehicle did not meet constitutional standards for either an inventory search or a search incident to a lawful arrest. Because defendant failed to raise those grounds in support of his suppression motion, however, he failed to preserve those contentions for our review (*see People v Prober*, 298 AD2d 966, 967 [2002], *lv denied* 99 NY2d 538 [2002]; *People v Murray*, 212 AD2d 738, 739 [1995], *lv denied* 85 NY2d 941 [1995]). In any event, the record establishes that defendant voluntarily consented to the search (*see generally People v Gonzalez*, 39 NY2d 122, 126-128 [1976]).

Defendant also failed to preserve for our review his contention that County Court erred in charging the jury that three witnesses were accomplices as a matter of law (*see* CPL 470.05 [2]). In any event, the court's charge as a whole adequately conveyed the appropriate standard to the jury (*see People v Kretchmer*, 181 AD2d 1043 [1992], *lv denied* 80 NY2d 833 [1992]).

We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, we conclude that the verdict is not contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Gorski, JJ.