■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TERRERRO, Appellant. [784 NYS2d 547]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered December 7, 1999, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, and judgment, same court (Herbert I. Altman, J.), rendered May 1, 2003, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him to a term of 1½ to 4½ years, consecutive thereto, unanimously affirmed.

Defendant's adjudication as a second felony offender was based on a 1996 conviction for attempted criminal sale of a controlled substance in the third degree, for which he received a sentence of five years probation and six months incarceration. Thereafter, while on probation, defendant was arrested and charged with criminal possession of a controlled substance in the fourth degree, pleaded guilty to fifth-degree possession, and was sentenced, as a second felony offender, to 2 to 4 years. In 2003, the 1996 conviction was vacated, since the indictment had charged defendant only with possession, while he pleaded guilty to an attempted sale. He thereupon pleaded guilty to attempted criminal possession of a controlled substance in the third degree in satisfaction of Indictment No. 11526/95 and was sentenced to a term of 1½ to 4½ years.

Defendant now argues that, by virtue of the new plea in 2003, the conviction which served as the predicate felony for his 1999 conviction did not occur until after the crimes charged in that indictment (No. 2042/98) were committed, and, thus, that the 1996 matter may not serve as a predicate felony conviction in the instant case (Penal Law § 70.06 [1] [b] [ii]; *People v Robles*, 251 AD2d 20, 21 [1998], *lv denied* 92 NY2d 904 [1998]). However, since there is no question that at the time judgment on the instant case was entered in 1999, defendant had been properly adjudicated a second felony offender, and since defendant challenges that adjudication on the basis of postjudgment events, the proper remedy would be a CPL article 440 motion, and our affirmance is without prejudice to such a motion.

We perceive no basis for reducing the sentence imposed for the conviction under Indictment No. 11526/95. Concur— Nardelli, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.