◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNETT ESQUILED, Appellant. [993 NYS2d 578]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Tomei, J.), dated June 28, 2012, which denied his motion pursuant to CPL 440.20 (1) to set aside a sentence of the same court imposed July 27, 1998, upon his conviction of robbery in the first degree, reckless endangerment in the first degree, and menacing in the second degree, upon a jury verdict.

Ordered that the order is reversed, on the law, the motion is granted, the sentence is vacated, and the matter is remitted to

the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant's adjudication as a second felony offender was improper. The predicate for this adjudication was a 1993 conviction for which, the parties agree, an illegal sentence was imposed. A lawful sentence on that conviction was not imposed until after the instant crimes were committed. The relevant statute provides, however, that for purposes of determining whether a prior conviction is a predicate felony conviction, the sentence upon such prior conviction "must have been imposed before commission of the present felony" (Penal Law § 70.06 [1] [b] [ii]). Thus, the 1993 matter may not serve as a predicate felony conviction in the instant case (*see* Penal Law § 70.06 [1] [b] [ii]; *People v Robles*, 251 AD2d 20, 21 [1998]). We reach this determination notwithstanding the fact that the defendant did not move to set aside his sentence in the 1993 matter until after the sentence in the instant case was imposed, as "multiple offender status is defined by the plain statutory language, which courts are not free to disregard" at will (*People v Wright*, 270 AD2d 213, 215 [2000], citing *People v Tatta*, 196 AD2d 328 [1994]; *cf. People v Boyer*, 22 NY3d 15, 24-25 [2013]). Rivera, J.P., Hall, Miller and Duffy, JJ., concur.