This opinion is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------

No. 16
The People &c.,
            Respondent,
        v.
Freddie Thompson,
            Appellant.

A. Alexander Donn, for appellant.
Anne Grady, for respondent.

FAHEY, J.:

        This appeal turns on our conclusion that to *revoke* a penalty of probation does not equate to *annulling* a sentence under Penal Law § 60.01.  In November 2010, defendant was convicted of, inter alia, two counts of the class B violent

- 1 -

felony of robbery in the first degree (Penal Law § 160.15 [4]) (generally, instant conviction). Our primary interest in this case, however, lies not with those crimes, but with one of defendant's prior convictions -- specifically, his June 1994 conviction of the class B violent felony of assault in the first degree (Penal Law § 120.10 [1])(generally, prior conviction)-- and the question whether that conviction qualifies as a predicate violent felony offense (see Penal Law § 70.04 [1] [b] [second violent felony offender statute]) for the purpose of sentencing him as a second violent felony offender with respect to the instant conviction.

Defendant was originally sentenced to probation with respect to the prior conviction on June 8, 1994 (generally, original sentence). After violating that probation, however, defendant was resentenced on December 21, 1995 to a prison term with respect to that crime (generally, resentence).

The principal question before us is whether the date of the original sentence, rather than the date of the resentence, determines whether the prior conviction comes within the 10-year look-back period in the second violent felony offender statute for the purpose of imposing sentence on the instant conviction (see Penal Law § 70.04 [1] [b] [iv] [providing, subject to an exception immaterial here, that "sentence must have been imposed not more than (10) years before commission of the felony of which the defendant presently stands convicted" for the prior conviction to constitute a predicate violent felony conviction]).

Based on our determination that the revocation of probation under
Penal Law § 60.01 is not the analogue of the annulment of a
sentence, we conclude that the original sentence controls for the
purposes of determining eligibility under the look-back period in
Penal Law § 70.04.  We further conclude that, on these facts,
defendant should not have been resentenced as a second violent
felony offender with respect to the instant conviction.

I.

The instant robberies were committed on February 18 and
February 25, 2010 and, in December 2010, Supreme Court sentenced
defendant, as a second felony offender, to concurrent terms of 20
years' incarceration to be followed by five years' postrelease
supervision (PRS) with respect to that conviction.  Defendant was
adjudicated a second felony offender based on a prior drug
conviction.

Approximately two months later, the People
"recommended" that the court treat defendant as a second
*violent* felony offender based on the prior conviction, that is,
the June 8, 1994 conviction of assault in the first degree. As
noted, with respect to that conviction defendant initially was
sentenced to five years' probation.  That probation, however, was
later revoked and, in place of the original sentence of
probation, defendant was resentenced to a term of 2 to 6 years'
incarceration on December 21, 1995.

In view of what they characterized as the December 21,

1995 "re-sentence date" with respect to the prior conviction, the People submitted to the sentencing court papers "in support of treating defendant as a second [violent] felony offender" with respect to the instant conviction. There, the People contended that, to the extent the "re-sentence date of December 21, 1995" controls as the date on which sentence was imposed upon the prior conviction, that conviction would qualify as a predicate violent felony pursuant to Penal Law § 70.04 (1) (b) (iv), thereby rendering defendant eligible to be sentenced as a second violent felony offender with respect to the instant conviction. There is no dispute that, to the extent the resentence date is the controlling date of sentence with respect to the prior conviction, that conviction would constitute a predicate violent felony and thus subject defendant to sentencing as a second violent felony offender with respect to the instant conviction. It is also undisputed that, to the extent the date of the original sentence controls for determining when "sentence [was] imposed" (§ 70.04 [1] [b] [iv]) with respect to the prior conviction, defendant cannot now be adjudicated a second violent felony offender on the basis of that crime.

Supreme Court agreed with the People that the date of the resentence, not the date of the original sentence, is the controlling date for the calculation of the look-back period, and it adjudicated defendant a second violent felony offender for the purpose of imposing sentence upon the instant conviction. In

resentencing defendant with respect to those robbery crimes, the court reimposed its initial punishment, that is, it ordered concurrent determinate terms of 20 years' incarceration to be followed by five years' PRS.

Defendant subsequently appealed from both the judgment of conviction and sentence, and the resentence. The Appellate Division dismissed the appeal from so much of the judgment as imposed the sentence, and it rejected defendant's challenges to the balance of the judgment, which were based on grounds not at issue here (118 AD3d 822, 822-823 [2d Dept 2014]). The Appellate Division modified the resentence as a matter of discretion in the interest of justice by reducing the determinate terms of imprisonment imposed upon the instant conviction from 20 years to 15 years, and, as so modified, it affirmed the resentence (see id.). In doing so, that court concluded that Supreme Court did not err in resentencing defendant as a second violent felony offender inasmuch as the controlling date of the imposition of sentence for the prior conviction is the date of the resentence, not the date of the original sentence (see id. at 823). A Judge of this Court granted defendant leave to appeal (24 NY3d 1089 [2014]), and we now reverse the order of the Appellate Division insofar as appealed from.[1]

---

[1]     Defendant challenges only the part of the Appellate Division order that affirmed the adjudication of defendant as a second violent felony offender on the resentence.

II.

Before addressing the main issue before us, we consider the preliminary question whether this Court may hear this appeal. The People contend that this Court is powerless to address the merits of this case for three main reasons. None of those points has merit.

First, the People contend that CPL 450.90 (1), which governs an appeal to this Court from an order of an intermediate appellate court, does not vest this Court with jurisdiction to hear this appeal. That section provides, in relevant part, that "[a]n order of an intermediate appellate court is adverse to the party who was the appellant in such court when it affirms the judgment, sentence or order appealed from . . . . An appellate court order which modifies a judgment or order appealed from is partially adverse to each party."

According to the People, the Appellate Division merely modified the resentence here, and because the last sentence of CPL 450.90 (1) provides that an Appellate Division order that modifies a *judgment* or *order* appealed from is partially adverse to each party, but does not say that an Appellate Division order that modifies a *resentence* creates adversity, this Court has no authority to hear this appeal. We disagree. The Appellate Division order modified the resentence to the extent of reducing defendant's period of incarceration from 20 to 15 years, but it otherwise *affirmed* the resentence (see 118 AD3d at 822-823; see also CPL 450.30 [3] [equating a resentence with a sentence for

the purpose of specifying the instances in which a defendant may appeal to an intermediate appellate court]).  That affirmance unquestionably creates adversity here, and it defeats the People's contention that we lack jurisdiction under CPL 450.90 (1) to hear this appeal.

Second, the People contend that we should not consider the merits of this appeal because "the Appellate Division's rejection of defendant's claim to have been improperly adjudicated a [second] violent felony offender . . . has no practical impact on . . . defendant."  The People appear to suggest that this appeal is moot because defendant's 15-year period of incarceration would be legal even if defendant had been sentenced as a second felony offender, rather than as a second violent felony offender (see Coleman v Daines, 19 NY3d 1087, 1090 [2012] ["an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties"]).  In so contending the People ignore Penal Law § 70.08, which sets criteria for a sentence of imprisonment for a persistent violent felony offender.  Pursuant to that statute, the test for whether a prior violent felony constitutes a predicate violent felony for the purpose of adjudicating a defendant a persistent violent felony offender is the same as the test for determining whether a prior felony is a predicate one for the purpose of adjudicating a defendant a second violent felony offender (see Penal Law § 70.08 [1] [b]).  Consequently,

to the extent the date of the resentencing on the prior conviction controls for the purpose of determining whether defendant is a second violent felony offender with respect to the instant conviction, defendant theoretically could be adjudicated a persistent violent offender based on the prior conviction should he quickly recidivate upon his release from his current incarceration. To that end, even though the trial court did not change defendant's period of incarceration upon resentencing him as a second violent felony offender relative to the instant conviction, the People are wrong to the extent they contend that no practical impact flows from defendant's adjudication as a second violent felony offender.

Third, the People contend that this appeal is beyond our review because defendant's challenge to his resentence as a second violent felony offender in this case is based on facts, rather than on the law (see CPL 470.35 [1]). We reject that contention inasmuch as the issue whether defendant was properly resentenced as a second violent felony offender turns on our interpretation of Penal Law §§ 70.04 and 60.01, which is a question of law (see generally Bragg v Genesee County Agric. Socy., 84 NY2d 544, 552 [1994]).[2]

III.

Turning to the merits, "[i]n matters of statutory

---

[2]    Finally, under the circumstances of this case, we reject the People's alternative contention with respect to appealability.

interpretation, our primary consideration is to discern and give effect to the Legislature's intention" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]). "To that end, . . . we must look first to the statutory text, which is 'the clearest indicator of legislative intent' " (Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, 721 [2012], rearg denied 20 NY3d 983 [2012], quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; see Matter of Wallach v Town of Dryden, 23 NY3d 728, 744 [2014], rearg denied 24 NY3d 981 [2014] [describing a three-part statutory interpretation analysis involving review of (1) the plain language of the statute; (2) the statutory scheme as a whole; and (3) the relevant legislative history]).

Guided by those principles, we conclude that the lower courts erred in determining that the controlling date of sentence for the prior conviction is the date of the resentence, not the date on which the original sentence was imposed with respect to that crime. Penal Law § 70.04 is entitled "[s]entence of imprisonment for second violent felony offender," and it essentially provides that a person is a second violent felony offender when he or she stands convicted of a violent felony (Penal Law § 70.04 [1] [a]) and was previously convicted of a violent felony for which "*[s]entence [was] imposed* [not only] before commission of the present felony" (Penal Law § 70.04 [1]

[b] [ii] [emphasis added]), but also within "[10] years before commission of the [present] felony" (Penal Law § 70.04 [1] [b] [iv]; see Penal Law § 70.04 [1] [b] [v] [containing a tolling exception relative to the 10-year look-back period that is immaterial here]).  As noted, there is no dispute that if the date of the original sentence (June 8, 1994) is controlling for the purpose of the second violent felony offender analysis, defendant does not qualify as a second violent felony offender pursuant to section 70.04 (1) (b).  Similarly, if the date of the resentence (December 21, 1995) controls for the purpose of that analysis, then defendant qualifies as a second violent felony offender under that statute.

The People would have us believe that sentence was imposed with respect to the prior conviction *twice* -- once, in 1994, when defendant was subject to a period of probation through the original sentence, and again in 1995, when defendant was subject to a period of incarceration through the resentence.  To be sure, the period of probation was imposed as part of a *revocable* sentence (Penal Law § 60.01 [2] [a] [i]), which is a "tentative [punishment in] that it may be altered or revoked" (Penal Law § 60.01 [2] [b]).  For all other purposes, however, a revocable sentence "shall be deemed to be a final judgment of conviction" (id.), and where "*the part of the sentence* that provides for probation is revoked, the court must sentence [a defendant] to imprisonment or to [a] sentence of imprisonment and

probation" (Penal Law § 60.01 [4] [emphasis added]).  The legislature's reference to the revocation of the *part* of the sentence imposing probation suggests that the substitution of a different punishment -- such as incarceration -- for the probation a defendant has violated does not constitute a *new* sentence, but rather a replacement of the original, conditional penalty reflected in the sentence.

Put differently, to revoke a penalty of probation does not equate to annulling a sentence.  That the legislature said that "the court must *sentence* [the defendant] to imprisonment or to [a] sentence of imprisonment and probation" (Penal Law § 60.01 [4] [emphasis added]) upon the revocation of probation does not support a contrary conclusion.  In that context, the legislature used the emphasized form of "sentence" as a transitive verb and provided merely that, where probation is revoked, a court must impose a harsher punishment to include imprisonment (see Samiento v World Yacht Inc., 10 NY3d 70, 77-78 [2008] ["The language of a statute is generally construed according to its natural and most obvious sense . . . in accordance with its ordinary and accepted meaning, unless the Legislature by definition or from the rest of the context of the statute provides a special meaning"] [internal quotation marks omitted]; see also Webster's Third New International Dictionary 2068 [3d ed 2002] [defining "sentence" as, among other things, a transitive verb meaning "to prescribe the penalty or punishment of"]).  Indeed, we have characterized

the punishment imposed upon the revocation of a period of probation as a resentence (see People v Feliciano, 17 NY3d 14, 19 [2011], rearg denied 17 NY3d 848 [2011]), and -- unlike a "sentence of probation" -- a "resentence" is not defined as a "sentence" under Penal Law § 70.04 (1) (b) (iii) for the purpose of calculating the 10-year look-back period.  In addition, section 70.04 (1) (b) (iv) specifically states that a "*sentence* [with respect to a prior felony, not a *resentence*,] must have been imposed not more than [10] years before commission of the [present] felony" for the prior felony to constitute a predicate crime (id. [emphasis added]; see generally People v Boyer, 22 NY3d 15, 25 [2013] ["irrespective of any resentence . . ., the original (s)entence for (a) prior conviction remains valid"] [internal quotation marks omitted]).

Finally, to the extent this is an instance in which a reasonable mind could conclude that the period of incarceration imposed on December 21, 1995 with respect to the prior conviction constitutes a sentence and, for the purpose of this case, thus brings that conviction within the look-back period in the second violent felony offender statute, the result would not change.  At worst (or best, depending on one's perspective) this is an instance in which two constructions of Penal Law §§ 70.04 and 60.01 are plausible, and to that end "the one more favorable to the defendant should be adopted in accordance with the rule of lenity" (People v Golb, 23 NY3d 455, 468 [2014], rearg denied 24

NY3d 932 [2014], <u>cert denied</u> 135 S Ct 1009 [2015] [internal quotation marks omitted]).

Accordingly, the order of the Appellate Division insofar as appealed from should be reversed, the second violent felony offender adjudication vacated and the case remitted to Supreme Court for resentencing.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order insofar as appealed from reversed, second violent felony offender adjudication vacated, and case remitted to Supreme Court, Richmond County, for resentencing.  Opinion by Judge Fahey.  Judges Pigott, Rivera, Abdus-Salaam and Stein concur. Chief Judge DiFiore and Judge Garcia took no part.

Decided February 11, 2016