■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL THOMAS, Respondent. [60 NYS3d 375]—

Appeal by the People from an order of the Supreme Court, Kings County (Mangano, Jr., J.), entered March 1, 2016, which granted the defendant's motion pursuant to CPL 440.20 (1) to set aside a sentence of the same court (DeLury, J.), imposed December 14, 1993, upon his conviction of robbery in the third degree, upon a jury verdict, and directed that he be resentenced.

Ordered that the order is affirmed.

In 1989, the defendant pleaded guilty under New York County indictment No. 2696/89 to one count of attempted robbery in the first degree. On April 18, 1989, he was sentenced for that crime as a second felony offender, based upon two earlier convictions in Kings County. Also in 1989, the defendant pleaded guilty under Kings County indictment No. 7002/89 to one count of attempted robbery in the first degree. On November 2, 1989, the defendant was sentenced for that crime as a second felony offender, again based upon his two earlier convictions in Kings County.

In 1993, the defendant was charged under Kings County indictment No. 1652/93 with, inter alia, robbery in the third degree. The indictment alleged that the robbery was committed on February 6, 1993. He was convicted by a jury, and on December 4, 1993, he was sentenced as a second felony offender based upon his convictions under New York County indictment No. 2696/89 and Kings County indictment No. 7002/89.

In 2008, the defendant moved to vacate the sentence imposed under New York County indictment No. 2696/89, arguing that he had erroneously been adjudicated a second felony offender because he had been granted youthful offender status on the two earlier convictions in Kings County. On February 26, 2009, the Supreme Court, New York County, granted his motion, vacated his sentence, and resentenced him without adjudicating him a second felony offender. In 2011, the defendant moved to vacate the sentence imposed under Kings County indictment

No. 7002/89 on the same basis. In an order dated February 23, 2012, the Supreme Court, Kings County, granted his motion, vacated his sentence, and resentenced him without adjudicating him a second felony offender.

In 2013, the defendant moved to vacate the sentence imposed in this case. He argued that his adjudication as a second felony offender was improper, since that adjudication was based on his convictions under New York County indictment No. 2696/89 and Kings County indictment No. 7002/89. He argued that those convictions could not serve as predicate felonies since those convictions had been vacated, and he had been resentenced after he committed the instant crime. The Supreme Court denied his motion in an order dated March 4, 2014.

On October 8, 2014, this Court decided *People v Esquiled* (121 AD3d 807 [2014]), in which we determined that "for purposes of determining whether a prior conviction is a predicate felony conviction, the sentence upon such prior conviction 'must have been imposed before commission of the present felony' " (*id.* at 808, quoting Penal Law § 70.06 [1] [b] [ii]). The defendant then moved a second time to vacate his sentence, based upon our holding in *People v Esquiled*. The Supreme Court granted the motion, and the People appeal.

CPL 440.20 (3) provides that a court "may" deny a motion to set aside a sentence upon the ground that it was unauthorized, illegally imposed, or otherwise invalid as a matter of law when "the ground or issue raised thereupon was previously determined on the merits upon a prior motion or proceeding in a court of this state, other than an appeal from the judgment, or upon a prior motion or proceeding in a federal court, unless since the time of such determination there has been a retroactively effective change in the law controlling such issue." However, CPL 440.20 (3) further provides the court with the discretion, in the interest of justice and for good cause shown, to "grant the motion if it is otherwise meritorious." Therefore, the procedural bars set forth in CPL 440.20 (3) are discretionary.

Here, the Supreme Court providently exercised its discretion in granting the defendant's second motion to vacate his sentence because the defendant established good cause for the second motion and the second motion had merit (*see* CPL 440.20 [3]; *People v Jamison*, 138 AD3d 1020, 1021 [2016]; *People v Esquiled*, 121 AD3d 807 [2014]). Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.